# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| TRISHA FERGUSON, individually and on behalf of all others similarly situated,<br><br>v.<br><br>QUALTEK RECOVERY LOGISTICS LLC | Case No. _____<br>FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Trisha Ferguson brings this lawsuit to recover unpaid overtime wages and other damages from QualTek Recovery Logistics LLC ("QualTek") under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

2. QualTek's recovery logistics workers, like Ferguson, were sent into recovery areas after natural disasters.

3. These workers, like Ferguson, worked tirelessly to assist recovery in these disaster areas.

4. Ferguson and the workers like her worked over 40 hours each week they worked for QualTek.

5. But Ferguson and these other workers were not paid an overtime premium for hours worked in excess of 40 hours in a single workweek.

6. Instead of paying overtime as required by the FLSA, QualTek improperly classified these workers as independent contractors and paid them the same hourly rate for all hours worked.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers under the FLSA.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because QualTek is headquartered in this District.

## PARTIES

10. Ferguson worked for QualTek in September 2021.

11. During that time, Ferguson worked exclusively for QualTek.

12. Ferguson was paid by the hour.

13. QualTek classified Ferguson as an independent contractor.

14. Ferguson's written consent is attached as Exhibit A.

15. Ferguson represents a collective of similarly situated workers under § 16(b) of the FLSA. *See* 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **Current and former workers employed by, or working on behalf of, QualTek as independent contractors for recovery logistics operations in the United States in the past three years who were paid "straight time for overtime."**

16. **QualTek Recovery Logistics LLC f/k/a Recovery Logistics, LLC f/k/a QualTec Recovery LLC ("QualTek")** is a Delaware limited liability company.

17. QualTek's headquarters and principal place of business are located within this District.

18. QualTek may be served by service at its registered address, **475 Sentry Pkwy. E, Ste. 200, Blue Bell, PA 19422**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

19. At all relevant times, QualTek was an employer of Ferguson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, QualTek was an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, QualTek has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. During at least the last three years, QualTek has had gross annual sales in excess of $500,000.

23. During at least the last three years, QualTek was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24. During at least the last three years, QualTek has employed many workers, including Ferguson and the FLSA Collective Members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

25. The goods and materials handled, sold, or otherwise worked on by Ferguson, the FLSA Collective Members, and other QualTek employees and that have been moved in interstate commerce include, but are not limited to, laundry, construction, and catering equipment and supplies.

26. QualTek treated Ferguson as an employee and uniformly dictated the pay practices to which Ferguson was subjected.

27. QualTek's misclassification of Ferguson as an independent contractor does not alter her status as an employee for purposes of this action.

#### FACTS

28. QualTek's Recovery Logistics operations service clients in business continuity and disaster recovery operations. QualTek, Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

29. QualTek Recovery Logistics helps its clients "continue operations when hurricanes, winter storms, floods, COVID, labor strikes, and other unplanned events disrupt their business." QualTek, Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

30. The damage assessment services provided by QualTek Recovery Logistics include damage assessment logistics, assessor crews, and wire guards. QualTek, Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

31. The basecamp services provided by QualTek Recovery Logistics include temporary housing, catering, showers, sanitation facilities, flagging, fleet fueling, logistics, and mobile sell sites on wheels (COLTS). QualTek, Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

32. The power restoration services provided by QualTek Recovery Logistics include generator deployment, generator fueling, and generator maintainance. QualTek,

Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

33. Other services provided by QualTek Recovery Logistics include transportation logistics and sourcing. QualTek, Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

34. QualTek Recovery Logistics has had over 70 major deployments since 1999, including Covid-19 Essential Workers Basecamp NY and Hurricanes Dorian, Ida, Florence, Laura, and Michael. QualTek, Recovery Logistics, https://www.qualtekservices.com/Services/Recovery-Logistics (last visited Feb. 21, 2022).

35. To provide Recovery Logistics services, QualTek needs workers to perform its work.

36. QualTek's Recovery Logistics workers are blue collar workers.

37. Many of these individuals worked for QualTek under the same or substantially similar job conditions as Ferguson and were misclassified by QualTek as so-called independent contractors in connection with QualTek's Recovery Logistics operations.

38. For example, without cooks, QualTek could not provide catering services.

39. For example, without electricians, QualTek could not provide generator services.

40. Ferguson worked performing laundry services for QualTek.

41. Without laundry workers, like Ferguson, QualTek could not provide laundry services.

42. While job titles and job duties may differ, Ferguson and the FLSA Collective Members were subjected to the same or similar illegal pay practices for similar work.

43. Specifically, QualTek classified the FLSA Collective Members as independent contractors and paid them a daily rate for all hours worked, even when they were working in excess of 40 hours in a workweek.

44. Throughout her employment with QualTek, Ferguson was classified as an independent contractor.

45. QualTek scheduled Ferguson to work shifts of at least 16-hours for weeks straight.

46. Ferguson worked well in excess of 40 hours per week each week she worked for QualTek.

47. In fact, Ferguson worked more than 84 hours per week for QualTek.

48. The work Ferguson performed is an essential part of QualTek's core business.

49. For the purposes of an unpaid overtime claim, Ferguson and the FLSA Collective Members shared a common employment experience related to disaster recovery operations.

50. Every QualTek job site adheres to QualTek policies and procedures.

51. QualTek's straight-time-for-overtime workers are treated by QualTek as independent contractors or consultants.

52. QualTek relies upon its straight-time-for-overtime workers to perform work integral to QualTek's operations.

53. QualTek created an employer-employee culture between it and its straight-time-for-overtime workers.

54. QualTek determines the schedules worked by its straight-time-for-overtime workers.

55. QualTek provides all the essential equipment and tools for its straight-time-for-overtime workers to perform their jobs.

56. QualTek sets the rates of pay its straight-time-for-overtime workers receive.

57. QualTek's hourly recovery logistics workers are not contracted on a job-by-job basis.

58. QualTek's hourly recovery logistics workers are not paid on a job-by-job basis.

59. QualTek's hourly recovery logistics workers do not bid for jobs.

60. No real investment was required of its recovery logistics workers to perform their jobs.

61. QualTek determined the recovery logistics workers' opportunities for profit and loss.

62. The recovery logistics workers did not provide the equipment they worked with on a daily basis.

63. QualTek or its clients made the large capital investments in buildings, machines, equipment, tools, and supplies in the business in which the recovery logistics workers worked.

64. The recovery logistics workers did not incur operating expenses like rent, payroll, marketing, and insurance.

65. The recovery logistics workers were economically dependent on QualTek during their employment.

66. QualTek set the recovery logistics workers' rate of pay and her work schedule.

67. QualTek directly determined the recovery logistics workers' opportunities for profit and loss, as their earning opportunities were based solely on the amount of time QualTek scheduled them to work.

68. QualTek has the ultimate authority to hire, discipline, or fire its straight-time-for-overtime workers.

69. QualTek made the decision to treat its straight-time-for-overtime workers as independent contractors, not as employees.

70. Despite requiring overtime work, QualTek does not pay overtime premium compensation to this district group of workers.

71. Neither does QualTek pay a salary to this distinct group of workers.

72. QualTek's straight-time-for-overtime workers perform the same duties as employees would perform.

73. QualTek controlled all meaningful aspects of its straight-time-for-overtime workers' jobs to ensure its strategic objectives were fulfilled.

74. QualTek's straight-time-for-overtime workers all perform the same or similar recovery logistics jobs, which are integral to QualTek's business operations and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

75. The FLSA Collective Members also worked similar hours and were denied overtime because of the same illegal pay practice.

76. QualTek's policy of treating its straight-time-for-overtime workers as independent contractors violates the FLSA.

77. Even if QualTek treated these workers as employees, its straight-time-for-overtime pay structure did not meet the salary basis test.

78. Ferguson was economically dependent on QualTek during his employment.

79. Because Ferguson and QualTek's other straight-time-for-overtime workers were misclassified as independent contractors by QualTek, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

80. QualTek straight-time-for-overtime system violates the FLSA, because Ferguson and the FLSA Collective Members did not receive an overtime premium for hours worked over 40 hours each week.

81. QualTek's policy of failing to pay overtime to its recovery logistics workers, including Ferguson, violated the FLSA because these workers were, for all purposes, non-exempt hourly employees.

82. QualTek's "straight-time-for-overtime" system violated the FLSA because Ferguson and the FLSA Collective Members did not receive any overtime premium pay for hours worked over 40 hours each workweek.

## COLLECTIVE ACTION ALLEGATIONS

83. Ferguson incorporates all other allegations.

84. QualTek's illegal "straight time for overtime" policy extends well beyond Ferguson.

85. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also, e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5

(E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

86. QualTek employs many other workers who worked over 40 hours per week and were subject to QualTek's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

87. These numerous hourly workers were paid by QualTek under the same unlawful "straight time for overtime" scheme.

88. QualTek's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

89. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

90. These workers were similarly situated within the meaning of the FLSA.

91. The workers impacted by QualTek's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION—VIOLATIONS OF THE FLSA

92. Ferguson incorporates all other allegations.

93. QualTek violated the FLSA by failing to pay QualTek and the FLSA Collective Members overtime under its day-rate system for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

94. QualTek knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay Ferguson and the FLSA Collective Members proper overtime compensation.

95. QualTek's failure to pay overtime compensation to Ferguson and the FLSA Collective Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

96. Accordingly, Ferguson and the FLSA Collective Members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

## DAMAGES

97. QualTek's acts and omissions, individually and collectively, caused Ferguson and the FLSA Collective Members to sustain legal damages.

98. Ferguson and the FLSA Collective Members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

99. Ferguson and the FLSA Collective Members are entitled to recover attorneys' fees and costs of court.

100. Ferguson and the FLSA Collective Members are entitled to recover liquidated damages under the FLSA.

101. Ferguson and the FLSA Collective Members are entitled to pre- and post-judgment interest at the maximum legal rates.

## RELIEF SOUGHT

Wherefore, Ferguson prays for judgment against QualTek as follows:

(a) For an order certifying this case as a collective action pursuant to 29 U.S.C. §216(b) for the purposes of the FLSA claims;

(b) For an order finding QualTek liable for violations of the FLSA with respect to Ferguson and all FLSA Collective Members covered by this case;

(c)  For a judgment awarding all unpaid wages and liquidated damages to Ferguson and all FLSA Collective Members covered by this case;

(d)  For a judgment awarding Ferguson and all FLSA Collective Members covered by this case their attorneys' fees, costs, and expenses of this action;

(e)  For a judgment awarding Ferguson and all FLSA Collective Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(f)  For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ James E. Goodley*

By: _____

**James E. Goodley (PA 315331)**
**Ryan P. McCarthy (PA 323125)**
**GOODLEY MCCARTHY LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**